UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:25-cv-10905-FLA-MAR**                          Date:  January 22, 2026

Title:      *Gordon Leroy Hall v. United States of America et al*

Present:  The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| VALERIE VELASCO | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

Proceedings:  (In Chambers) ORDER TO SHOW CAUSE RE: WHY THIS ACTION SHOULD NOT BE DISMISSED AS SECOND OR SUCCESIVE

**I.**
**BACKGROUND**

Gordon Leroy Hall ("Petitioner") was convicted of making or passing false or fictitious instruments (18 U.S.C. § 514) in the District of Arizona.  *United States v. Hall*, 681 F. App'x 621 (9th Cir. 2017).  On June 16, 2015, Petitioner was sentenced to 96 months imprisonment.  *United States v. Hall*, 2:14-cr-00184 (D. Ariz).  Petitioner appealed and the Ninth Circuit remanded to clarify certain conditions of release.  *Hall*, 681 F. App'x at 621.  On March 7, 2019, an amended judgment was entered which sentenced Petitioner to 96 months imprisonment.  *Hall*, 2:14-cr-00184 (D. Ariz).

On October 22, 2025, Petitioner constructively[1] filed the instant "Original Verified Motion for a Show Cause Order" pursuant to 28 U.S.C. § 1361, which the Court construes as a Petition for Writ of Habeas Corpus pursuant to U.S.C. § 2241 ("section 2241").  ECF Docket No. ("Dkt.") 1.  The Petition alleges that Defendants United States and the Federal Bureau of Prisons ("BOP") must "tender $50,000 and issue an acquittance and discharge [Petitioner] from B.O.P. custody in accordance with the record of agreement between the parties…"  Id. at 1.  The purported

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  *Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010).  Because petitioner did not date the instant Petition when he signed it, the Court cannot determine the constructive filing date in that manner.  However, the envelope in which the Petition was mailed was postmarked on September 20, 2021, so the Court uses that as the constructive filing date.

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   **2:25-cv-10905-FLA-MAR**                                    Date:  January 22, 2026

Title:        *Gordon Leroy Hall v. United States of America et al*

agreement was allegedly formed when BOP staff confiscated items sent to Petitioner in the mail and Petitioner "conditionally accepted" the "taking" upon the above-mentioned payment, "acquittance," and discharge from BOP custody.  Id. at 2.


## II.
## DISCUSSION


### A.    THE COURT APPEARS TO LACK JURISDICTION OVER PETITIONER'S CLAIM


Federal habeas corpus relief is available only when a petitioner has been convicted or sentenced in violation of the Constitution or laws or treaties of the United States.  See Swarthout v. Cooke, 562 U.S. 216, 219 (2011).  It is not available for errors in the interpretation or application of state law.  Id.; Estelle v. McGuire, 502 U.S. 62, 67–68 (1991).


Here, Petitioner cites no constitutional right or federal law in explaining his claim beyond asserting that Defendants violated "due process of law" by confiscating "personal pieces of private property" which were sent to Petitioner while he was in custody.  Dkt. 1 at 2–3.  It appears Petitioner's claim is that he is entitled to relief from his sentence because BOP confiscated items that were sent to Petitioner while he was in custody and thereby entered a "binding agreement" to pay Petitioner $50,000 and discharge him from BOP custody.  To the extent Petitioner brings a state law tort or contract claim, Petitioner's claim is not cognizable on federal habeas corpus review.  Nelson v. California Dep't of Corr. & Rehab., No. 2:20-CV-05879-JVS (GJS), 2020 WL 8414030, at *4 (C.D. Cal. Dec. 17, 2020), report and recommendation adopted, No. 2:20-CV-05879-JVS (GJS), 2021 WL 706760 (C.D. Cal. Feb. 22, 2021) ("State law tort matters do not serve as any basis for federal habeas relief." (citing Estelle, 502 U.S. at 68)); Henderson v. Dae Henderson Jr. Tr., No. 1:18-CV-00143-SKO HC, 2018 WL 953170, at *1 (E.D. Cal. Feb. 20, 2018) ("Because Petitioner's claim is for breach of contract, the claim is not cognizable in a federal habeas proceeding.")

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:25-cv-10905-FLA-MAR**                               Date:  January 22, 2026

Title:        *Gordon Leroy Hall v. United States of America et al*

Ultimately, Petitioner's claim is unclear and the Court cannot discern how it is cognizable on federal habeas review.[2]  The Court will not recommend dismissal of the Petition, however, without giving Petitioner an opportunity to explain or amend his Petition.

## B.   PETITIONER'S CLAIMS MAY BE UNEXHAUSTED

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a petitioner must fairly present his or her federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the petitioner's federal rights.  Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam).  A petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process to properly exhaust a claim.  O'Sullivan, 526 U.S. at 845.

For a petitioner in California custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court.  See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v.

---

[2] Petitioner frames the current Petition under 28 U.S.C. Section 1361 which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  However, "[m]andamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." Haobsh v. U.S. Att'y Gen., No. 2:25-CV-01679-JLS-MAA, 2025 WL 2322680, at *2 (C.D. Cal. Aug. 12, 2025) (citing Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003)).  To the extent Petitioner seeks to have this Court compel Defendants to "issue an acquittance and discharge [Petitioner] from B.O.P custody," he cites no law or facts to meet the elements of the mandamus test.  Further, "since BOP's authority to designate the place of a federal prisoner's imprisonment is wholly discretionary under 18 U.S.C. Section 3621, mandamus relief is not available to compel the BOP to exercise that authority in any particular way." Woodson v. Ives, No. CV 13-3027-MWF RNB, 2013 WL 5442180, at *4 (C.D. Cal. Sept. 27, 2013) (citing Reed v. U.S. Bureau of Prisons, 2011 WL 5834745, at *2–*4 (C.D.Cal. Oct.21, 2011); Pinson v. Norwood, 2008 WL 2323895, at *3 (C.D.Cal. June 4, 2008); Coupar v. White, 1995 WL 648418, at *1 (N.D.Cal. Oct.30, 1995)).

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:25-cv-10905-FLA-MAR**                                                Date:  January 22, 2026

Title:      _Gordon Leroy Hall v. United States of America et al_

Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California).  A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim."  Gatlin, 189 F.3d at 888.

Under Rhines v. Weber, 544 U.S. 269 (2005), a district court has discretion to stay a mixed or wholly unexhausted petition to allow a petitioner time to present his or her unexhausted claims to state courts.  Id. at 276; see Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines).  This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) each unexhausted claim is not "plainly meritless;" and (3) the petitioner did not intentionally engage in dilatory litigation tactics.  Rhines, 544 U.S. at 277-78.  The "good cause" inquiry is centered on "whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence," to justify his failure to exhaust the unexhausted claim in state court.  Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

Here, the Court cannot determine whether the claims have been exhausted.  Notably, Petitioner appealed his sentence to the Ninth Circuit but does not indicate that he ever presented the current claim to any state court.  To the extent his claim is unexhausted, Petitioner has not requested a stay or presented facts that would suggest a Rhines stay is appropriate.

## C.      28 U.S.C. § 2255 MOTION

### 1.      Applicable law

A petitioner challenging "the manner, location, or conditions of a sentence's execution" must file a petition for writ of habeas corpus under section 2241 in the custodial court.  Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008).  On the other hand, section 2255 "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."  Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000).  A petitioner challenging "the legality of his sentence" must file a motion to vacate his sentence under section 2255 and "§ 2255 motions must be heard

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:25-cv-10905-FLA-MAR**                                    Date:  January 22, 2026

Title:        *Gordon Leroy Hall v. United States of America et al*

in the sentencing court."  Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

There is, however, an exception to this general rule that a section 2255 challenge to the legality of detention must be filed in the sentencing court.  Under the "escape hatch" of section 2255, a federal prisoner may challenge the legality of detention in the custodial court if, and only if, the remedy under section 2255 in the sentencing court is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006).  A prisoner may file under section 2255's escape hatch in the custodial court "when the prisoner: '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.' "  Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting Stephens, 464 F.3d at 898).

With respect to the first prong of section 2255's escape hatch, an actual innocence claim requires a petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Stephens, 464 F.3d at 898 (citing Bousley v. United States, 523 U.S. 614(1998)).  With respect to the second prong of section 2255's escape hatch, whether the petitioner has not had an "unobstructed procedural shot" at presenting his actual innocence claim, the Court must consider:  "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion."  Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011) (internal quotation marks omitted).

### 2.    Analysis

Here, Petitioner does not challenge "the manner, location, or conditions of a sentence's execution."  See Harrison, 519 F.3d at 956.  Rather, Petitioner appears to challenge the legality of his 2015 sentence.  See Dkt. 1 at 6–7.  Thus, Petitioner cannot proceed in this Court, the custodial court, unless section 2255's "escape hatch" provision applies.  See Lorentsen, 223 F.3d at 953.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:25-cv-10905-FLA-MAR**                                   Date:  January 22, 2026

Title:       *Gordon Leroy Hall v. United States of America et al*

First, it is not clear that Petitioner is alleging "actual innocence."  Instead, Petitioner appears to be arguing that his sentence is no longer valid because he "conditionally accepted" BOP's confiscation of items sent to him while he was in custody on the "condition" that BOP discharge him from custody.

Furthermore, Petitioner fails to establish he lacked an unobstructed procedural shot at presenting his claim, and therefore does not appear to meet the second prong of the section 2255 escape hatch.  See Alaimalo, 645 F.3d at 1047.  Petitioner does not appear to have filed a 2255 motion in the sentencing court, nor does Plaintiff explain why he has failed to do so.  See United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (finding "a federal prisoner authorized to seek relief under section 2255 may not petition for habeas corpus relief pursuant to section 2241 'if it appears the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.' ") (citing 28 U.S.C. § 2255; Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)); Cabbagestalk v. Quintana, No. CV-10-5612-PSG-PLA, 2011 WL 672534, at *3 (C.D. Cal. Jan. 12, 2011), report and recommendation adopted, 2011 WL 761536 (C.D. Cal. Feb. 10, 2011) (finding petitioner failed to demonstrate he lacked an unobstructed procedural shot, because "petitioner never filed a § 2255 motion in the sentencing court, and he offers no explanation for his failure to do so").

Finally, because Petitioner has not filed a Section 2255 motion, he cannot establish (1) the legal basis for his claim did not arise until after he had exhausted his direct appeal and first Section 2255 motion; or (2) the law changed in any way relevant to petitioner's claim after that first [Section] 2255 motion.  Alaimalo, 645 F.3d at 1047. Petitioner therefore appears to fail to meet the requirements for Section 2255's escape hatch.

**III.**
**ORDER**

Accordingly, the Court hereby **ORDERS** Petitioner to file a written response to this Order **no later than twenty-one (21) days** after the date of this Order, **by**

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:25-cv-10905-FLA-MAR**                                          Date:  January 22, 2026

Title:      *Gordon Leroy Hall v. United States of America et al*

**February 12, 2026**.  In the response, Petitioner must elect one (1) of the following three (3) options:

(1) If Petitioner contends his action is not a challenge to the legality of detention that should be heard in the sentencing court, but is instead challenging the manner, location, or conditions of a sentence's execution, he should clearly explain this in a filing with this Court.  Petitioner should attach copies of any documents that support his position.

(2) If Petitioner contends his action challenges the legality of detention and is properly before this Court as the custodial court under the section 2255 escape hatch, he should clearly explain this in a filing with this Court.  Petitioner should attach copies of any documents that support his position.

(3) If Petitioner wishes to withdraw his Petition, he may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a), which must be served and filed **no later than twenty-one (21) days** after the date of this Order.  **The Clerk of Court is instructed to attach a Notice of Dismissal form for Petitioner's convenience**.  The Court advises Petitioner, however, that if he should later attempt to raise his dismissed claims in a subsequent habeas petition or section 2255 motion, those claims may be time-barred, and may be barred as successive.

**The Court warns Petitioner that failure to timely respond as directed in this Order may result in dismissal of this action without prejudice for lack of jurisdiction, and failure to prosecute and obey Court orders.**

**IT IS SO ORDERED.**

|                        | :      |
| ---------------------- | ------ |
| **Initials of Preparer** | vv     |